## ALLEN v. MEYER.

### No. 13126.

United States Court of Appeals Ninth Circuit.

April 30, 1952.

Rehearing Denied May 27, 1952.

Harry R. Roberts, Los Angeles, Cal., and Jess G. Sutliff, Independence, Cal., Wm. Howard Nicholas, Los Angeles, Cal., for appellant.

Dorothy Kendall, Los Angeles, Cal., for appellee.

Before MATHEWS and ORR, Circuit Judges, and YANKWICH, District Judge.

ORR, Circuit Judge.

Appellant Christine Allen and one Joseph E. Allen were, from on or about the 31st day of December, 1933, to the 23rd day of June, 1950, husband and wife.

For some time prior to the dissolution of the marriage Joseph E. Allen conducted and managed a drug store business which included an off-sale beverage license, a stock in trade of alcoholic beverages, drugs, sundries, fixtures, accounts receivable and good will. The property belonged to the community. In contemplation of the dissolution of the marriage, the husband and wife entered into a property settlement which provided in part that the drug store business, in the event of a divorce being granted, should thenceforth be held as a tenancy in common, each party to own a one-half interest. The agreement further provided that the drug store was to remain " * * under the active management and control of the husband." In granting the decree of divorce the Court, in its decree, approved the property settlement in all respects and ordered and directed the parties to meet and observe the obligations contained in said property settlement. Subsequent to entry of the decree of divorce ex-husband Allen continued operating the drug store business and in all respects exercised the same degree of management and control as he did during the existence of the marriage. In the operation of the business debts were incurred for replacement of stock depleted through sales made, and for other operating expenses. The situation became such that ex-husband Allen deemed it expedient to discontinue operation of the business. He filed a voluntary petition in bankruptcy, alleging that he and his ex-wife were partners in its ownership and operation. Appellant Christine Allen ap-

peared in that proceeding and successfully opposed the granting of the petition on the ground that she was not a partner. The bankruptcy court entered a decree to that effect, which was permitted to become final.

On May 17, 1951, ex-husband Allen filed a voluntary petition asking that he be adjudged a bankrupt. In subsequent bankruptcy proceedings appellee Trustee petitioned the Referee in Bankruptcy for a determination as to whether the interest of appellant in the drug store business could be subjected to the payment of debts incurred in the operation of the business of ex-husband Allen. The Referee decided that said interest could be and the United States District Court affirmed the Referee's findings.

The Referee based his decision upon findings to the effect that appellant had acquired an interest as tenant in common in the net worth of the business and not an ownership interest in the business itself and further found that the attempted transfer of an ownership interest to appellant was void as to creditors because not accompanied by an immediate change in possession. Evidently the Referee considered the provisions of § 3440, California Civil Code applicable. Appellant devotes much of her argument on this appeal in attempting to demonstrate the fallacy of such a determination by the Referee.

We find it unnecessary to decide the correctness of the Referee's findings as they relate to those questions. We conclude that, granting the contention of appellant that the conversion of appellant's community interest to a tenancy in common was made under an order of court and therefore not in violation of § 3440, and that appellant's interest was in the assets of the business and not in the net worth thereof, appellant's interest is liable for the debts incurred in the conduct of the business because ex-husband Allen was the agent of appellant in the conduct of the business. The decree (taking appellant's construction of it) converted the status of the business and assets from community property to tenancy in common and gave the wife an equal right to its possession and use with the husband. Appellant argues that a tenant in common is not liable for the debts incurred in the operation of the co-tenancy property in the absence of authority given to the co-tenant to incur such obligations and that mere silence of the one co-tenant with knowledge of the other co-tenant's operation does not constitute such authority. Such may be the rule but we find much more than mere silence and knowledge here. In the property settlement it is expressly provided that "the drug store shall remain under the active management and control of the husband." This provision presupposes that the drug store should be continued as a going concern, that it was not to remain static with the same merchandise on the shelves from day to day. Appellant knew that replacements of merchandise would be required as sales were made and that those furnishing the replacements would expect to be paid for them and would have a right to look to the property belonging to the business to insure such payment. Certain other provisions as to the conduct of the business are contained in the property settlement such as a provision authorizing ex-husband Allen to petition the court to reduce the sums due appellant out of the proceeds of the business in the event the profits fell below a certain sum for four successive months. Ex-husband Allen's management of the business was complete. Sales of merchandise made by him conveyed full title and in the purchase of merchandise and the incurring of other business debts he acted within the scope of his authority as general manager and thus subjected appellant and her interest to liability for payment of debts. Restatement, Agency, § 73. By his actions, pursuant to authority expressly granted, appellant was subjected to liability as a disclosed or undisclosed principal. Cf. Rigney v. De La Salle Institute, 10 Cal.App.2d 492, 52 P.2d 579, 580, col. 2.

Judgment affirmed.